IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN F. CURRAN, III,<br><br>    Petitioner,<br><br>    v.<br><br>JORDAN W. HOLLINGSWORTH,<br><br>    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-2770 (JBS)<br><br>**OPINION** |

APPEARANCES:

John F. Curran, III, Petitioner Pro Se
# 54166-037
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Irene E. Dowdy, Assistant U.S. Attorney
Office of the United States Attorney
401 Market Street
Fourth Floor
P.O. Box 2098
Camden, New Jersey 08101
    Attorney for Respondent Jordan Hollingsworth

**SIMANDLE, Chief Judge:**

**I.  INTRODUCTION**

    This matter comes before the Court on pro se Petitioner John F. Curran, III's ("Petitioner") motion for emergent injunctive relief. (Docket Entry 3). Respondent Jordan Hollingsworth, Warden of FCI Fort Dix, opposes the motion. (Docket Entry 5). This motion is being decided on the papers pursuant to Fed. R. Civ. Pro. 78(b). For the reasons set forth below, Petitioner's motion for injunctive relief is denied.

**II.   BACKGROUND**

**A. Procedural History**

Petitioner is a convicted and sentenced federal prisoner presently confined at FCI Fort Dix. On April 20, 2015, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting the Federal Bureau of Prisons ("BOP") erred in the administration of his sentence. (Docket Entry 1). This Court ordered Respondent to answer the petition on May 6, 2015. (Docket Entry 2).

On May 22, 2015, Petitioner filed the instant motion for emergent injunctive relief requesting this Court prevent the BOP from transferring him from Fort Dix during the pendency of this matter. (Docket Entry 3). Respondent filed opposition to the motion simultaneously with its answer to the petition. (Docket Entries 4 and 5).

**B. Factual History**

Petitioner was sentenced by the District Court for the District of Maryland on August 13, 2013 to thirty-seven months imprisonment after pleading guilty to one count of securities fraud, 15 U.S.C. §§ 78j(b), 78ff. (Docket Entry 1 at 14); *United States v. Curran*, No. 1:11-cr-0687-RDB-1 (D.Md. 2013). The District Court ordered restitution of $1,250,768.75 to be paid in monthly installments of $500. (Docket Entry 1 at 18-19).

Petitioner filed this petition under § 2241 asserting that the BOP failed to adhere to its program statement requiring an

2

independent audit of prisoners' sentences. Petitioner asserts that had the BOP conducted its audit, it would have determined that it could not "legally administer the full sentence ordered against the Petitioner" as the District Court found there was "zero dollars of economic loss." (Docket Entry 1 at 8). Petitioner asserts the BOP could only administer six out of the thirty-seven months sentence. (Docket Entry 1 at 8). Petitioner seeks his immediate release.

   On May 6, 2015, this Court ordered Respondent to file an answer to the petition. (Docket Entry 2). A few weeks later, Petitioner filed this motion for emergent injunctive relief. (Docket Entry 3). Petitioner requests this Court prohibit the BOP from transferring him from the District of New Jersey during the pendency of this matter. (Docket Entry 3). He states that shortly after this Court ordered an answer, he was informed that he was being transferred as he was a "security risk to the institution." (Docket Entry 3 ¶ 2). Petitioner claims the transfer was an attempt to "undermine this Court's authority" and interfere with the petition. (Docket Entry 3 ¶ 5). Petitioner has not been transferred and is presently confined at Fort Dix. (Docket Entry 5); Federal Bureau of Prisons Inmate Locator, *available at* http://www.bop.gov/inmateloc/.

   Respondent filed its timely answer with the Court on June 17, 2015. (Docket Entry 4). It additionally filed opposition to

the motion as infringing on the BOP's authority to manage its facilities. (Docket Entry 5).

### III. STANDARD OF REVIEW

To secure the extraordinary relief of a preliminary injunction, Petitioner must demonstrate "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *KOS Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). All four elements must be satisfied in order to grant the injunction. *Roberts v. Ferman*, 448 F. App'x 254, 256 (3d Cir. 2011).

### IV. DISCUSSION

Petitioner asks this Court to prohibit the BOP from transferring him from the District of New Jersey, alleging that such a transfer would be an "attempt to create – artificially – a fatal flaw in the filing." (Docket Entry 3 ¶ 5).

Primarily, this Court lacks the authority to grant Petitioner the relief he requests. "[A] district court has *no* power to *dictate* or *impose* any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons." *United States v. Serafini*, 233 F.3d 758, 778 n.23 (3d Cir. 2000) (citing 18 U.S.C. § 3621(b)) (emphasis in original);

4

*see also United States v. Janiec*, 505 F.2d 983, 987 (3d Cir. 1974) ("[A] federal court has no authority to designate 'a place of confinement.'"), *cert. denied*, 420 U.S. 948 (1975).

Even if it were within the Court's authority to grant the requested relief, Petitioner has failed to meet the high standard necessary to warrant preliminary injunctive relief. Construing the motion liberally in light of Petitioner's pro se status, the filing address only addresses the second of the four factors, namely that he will suffer irreparable harm if this Court does not intervene.[1] His assertion that a transfer out of the District of New Jersey will divest this Court of jurisdiction over his § 2241 petition is incorrect. "[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla,* 542 U.S. 426, 441 (2004) (citing *Ex parte Endo*, 323 U.S. 283 (1944)); *see also Gorrell v. Yost*, 509 F. App'x 114, 118 (3d Cir. 2013). The petition was properly filed in the District of New Jersey, the

---

[1] Pursuant to Habeas Rule 4, this Court engaged in screening of the petition prior to ordering an answer and determined that it did not plainly appear from the face of the petition that Petitioner was not entitled to relief. Therefore although the first factor was not explicitly addressed in Petitioner's motion, the Court will presume for the purposed of this motion only that he has demonstrated a likelihood of success on the merits.

5

district of Petitioner's confinement. 28 U.S.C. § 2241. As this Court retains jurisdiction even in the event of a transfer, Petitioner has not demonstrated that he will suffer irreparable harm.

Furthermore, an order precluding Petitioner's transfer would result in even greater harm to the Respondent by interfering with its ability to oversee the orderly administration of its facilities. Such an intrusion by the Court into an area delegated to the BOP, especially when the purported harm cannot come to pass, is additionally not in the public interest. Petitioner has therefore failed to demonstrate the extraordinary measure of preliminary injunctive relief is warranted.

## V.  CONCLUSION

For the above stated reasons, Petitioner's motion for preliminary injunctive relief is denied. An accompanying Order will be entered.

| | |
|---|---|
| June 23, 2015 | s/ Jerome B. Simandle |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |