```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN F. CURRAN, III, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 15-2770 (JBS) |
| JORDAN W. HOLLINGSWORTH, | |
| Respondent. | **OPINION** |

APPEARANCES:

John F. Curran, III, Petitioner Pro Se
# 54166-037
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Irene E. Dowdy, Esq.
Office of the United States Attorney
401 Market Street
Fourth Floor
P.O. Box 2098
Camden, New Jersey 08101
    Attorney for Respondent Jordan Hollingsworth

**SIMANDLE, Chief Judge:**

**I. INTRODUCTION**

 John F. Curran, III, a federal prisoner confined at FCI Fort Dix, New Jersey, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket Entry 1). For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction, and no certificate of appealability shall issue.

**II.   BACKGROUND**

On December 20, 2011, Petitioner was charged with three counts of securities fraud, 15 U.S.C. §§ 78j(b), 78ff; and four counts of mail fraud, 18 U.S.C. § 1341 in the United States District Court for the District of Maryland. *United States v. Curran*, No. 11-687 (RDB) (D. Md. Dec. 20, 2011);(Docket Entry 4-2). The indictment alleged the scheme resulted in proceeds of at least $1,963,065. (Docket Entry 4-2 at 7). Petitioner was arrested by the United States Marshals Service on January 6, 2012, and released on bond that same day. (Docket Entry 4-3 at 2). Petitioner was re-arrested on August 14, 2012 and was in the Marshals' custody until November 5, 2012, a period of sixty-eight (68) days. (Docket Entry 4-3 at 3).

On May 14, 2013, Petitioner signed a plea agreement in which he agreed to plead guilty to one count of securities fraud, 15 U.S.C. §§ 78j(b) and 78ff. (Docket Entry 8-1 at 13). He also agreed to forfeit $1,963,065, (Docket Entry 8-1 at 17), to the entry of a restitution order up to $1,963,065, (Docket Entry 8-1 at 19), and to the applicability of a sixteen-point enhancement under U.S.S.G. § 2B1.1(b)(1)(I) as the loss exceeded $1 million, (Docket Entry 8-1 at 16); (Docket Entry 8-3 at 131, l. 14 to 132 l. 2). The United States agreed to recommend a sentence on the low end of the guideline range. (Docket Entry 8-1 at 17).

Sentencing took place before the Honorable Richard D. Bennett, D. Md., on August 14, 2013. (Docket Entry 8-2). During sentencing

the United States objected to the two-point deduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), as Petitioner attempted to withdraw his guilty plea. (Docket Entry 8-3 at 20). The court overruled the objection and set the advisory guideline range at 37-46 months, the anticipated range in the plea agreement. (Docket Entry 8-3 at 27). Pursuant to its obligation from the plea agreement, the United States recommended a sentence of thirty-seven months. (Docket Entry 8-3 at 61). The court accepted that recommendation and sentenced Petitioner to thirty-seven-months imprisonment with three years of supervised release. (Docket Entry 8-3 at 89, ll. 20-23); (Docket Entry 4-6 at 3-4).

Petitioner surrendered himself to the Bureau of Prisons ("BOP") at FCI Fort Dix on October 14, 2013. (Docket Entry 4-1 ¶ 8). The BOP calculated his sentence as commencing on October 14, 2013, and credited him with "time spent in federal custody on January 6, 2012, and from August 29, 2012, through November 5, 2012." (Docket Entry 4-1 ¶ 10; Docket Entry 4-8 at 3); *see also* 18 U.S.C. § 3585(b)). This calculation resulted in an anticipated release date of April 12, 2016. (Docket Entry 4-1 ¶¶ 9-10; Docket Entry 4-8 at 2). The sentence was calculated on October 21, 2013 and audited on October 22, 2013. (Docket Entry 4-1 ¶ 11; Docket Entry 4-10 at 2).

On August 16, 2013, Petitioner filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit. (Docket Entry 4-17 at 2). After the United States moved to enforce

3

Petitioner's waiver of appellate rights, the Fourth Circuit dismissed the appeal. *United States v. Curran*, No. 13-4608 (4th Cir. Aug. 29, 2014), *reh'g en banc denied*, No. 13-4608 (4th Cir. Sept. 26, 2014); (Docket Entry 4-18 at 6; Docket Entry 4-19 at 2).

While awaiting the Fourth Circuit's decision on his direct appeal, Petitioner filed a motion to vacate his conviction pursuant to Federal Rule of Criminal Procedure 52(b) on July 4, 2014. (Docket Entry 4-20 at 2). Petitioner asserted the Government had failed to establish there was any economic loss or that the securities he sold were subject to 15 U.S.C. §§ 78j(b), 78ff. (Docket Entry 4-20 at 3-4). The court noted that as Petitioner's claims were a collateral attack on his sentence, he was required to bring those claims in a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *United States v. Curran*, No. 11-0687, slip. op at 2 (D. Md. Nov. 10, 2014) (unpublished); (Docket Entry 4-21 at 3).

Petitioner filed his § 2255 motion in the District of Maryland on December 11, 2014. (Docket Entry 4-23 at 2-8).[1] Petitioner argued that his counsel was ineffective for failing to investigate the facts of the Government's case, "failing to investigate, document, and argue the issue of economic loss," and that the restitution order was invalid. (Docket Entry 4-24 2-22). The motion is presently still pending in the District of Maryland. *See Curran v.*

---

[1] Petitioner did not include this § 2255 motion on his initial petition for habeas corpus as required. *See* Docket Entry 1 ¶ 10(a).

*United States*, No. 14-3932 (D. Md. filed Dec. 14, 2014); (Docket Entry 4-16 at 16).

On January 28, 2015, Petitioner submitted a Request for Administrative Remedy asking the BOP to perform an independent sentence computation as "[t]he sentence enhancement is not supported in [the Judgment and Commitment Order] as there is no economic loss found by the district court." (Docket Entry 4-13 at 2). Warden Hollingsworth responded on February 11, 2015 that the thirty-seven-month sentence was verified in the Judgment and Commitment Order, and the BOP "does not have the authority to change your sentence without an amended Judgment and Commitment Order." (Docket Entry 4-13 at 3). Warden Hollingsworth further indicated "[a]ccording to policy, an independent sentence calculation will be conducted when a court orders specific prior custody credit which does not comport with BOP policy. This is not the issue in your case." (Docket Entry 4-13 at 3).

Petitioner appealed to the Northeast Regional Director on February 13, 2015. (Docket Entry 4-13 at 4). The Regional Director denied the appeal on March 24, 2015, stating: "A review of your appeal reveals you are essentially challenging the legality of your federal sentence. . . . You have not presented any credible evidence indicating your conviction is invalid or illegal. The Bureau of Prisons is responsible for executing the federal sentence imposed by the Court." (Docket Entry 4-13 at 6). Petitioner

appealed to the Central Office on April 1, 2015. (Docket Entry 4-13 at 7).

While both his § 2255 motion and administrative appeal were still pending,[2] Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court on April 20, 2015. (Docket Entry 1). The petition asserted that the BOP failed to adhere to its program statement requiring an independent audit of prisoners' sentences, and that had the BOP conducted its audit, it would have determined that it could not "legally administer the full sentence ordered against the Petitioner" as the District Court found there was "zero dollars of economic loss." (Docket Entry 1 at 8). Petitioner argued the BOP could only administer six out of the thirty-seven months. (Docket Entry 1 at 8). Petitioner seeks his immediate release and a resentencing by the sentencing court. (Docket 1 at 10).

By Order dated May 6, 2015, the Court ordered Respondent to submit an answer within forty-five (45) days. (Docket Entry 2). Petitioner thereafter filed a motion for emergent injunctive relief requesting this Court prevent the BOP from transferring him from Fort Dix during the pendency of the § 2241 petition. (Docket Entry 3). Respondent filed opposition to the motion simultaneously with its answer to the petition. (Docket Entries 4 and 5). The Court

---

[2] The Central Office denied Petitioner's administrative appeal on May 7, 2015. (Docket Entry 4-13 at 8).

6

denied the motion for emergent injunctive relief on June 23, 2015. (Docket Entry 7).

### III. DISCUSSION

Respondent argues Petitioner is not entitled to relief from this Court as he failed to exhaust his administrative remedies before filing his habeas petition. It further asserts that this Court lacks jurisdiction over the petition as Petitioner's claims may only be brought in a motion pursuant to § 2255. As exhaustion is not a jurisdictional requirement, *see Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001), the Court must first consider whether the petition is properly before this Court.

### A. Jurisdiction

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Id.* at 485. A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x. 87, 88-89 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

Ordinarily, this Court would have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241 to consider a claim that the BOP has miscalculated a sentence. *See Blood v. Bledsoe,* 648 F.3d 203, 206 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1068 (2012); *Vega v. United States,* 493 F.3d 310, 313 (3d Cir. 2007); *Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 241 (3d Cir. 2005). This petition

7

at its core, however, challenges the validity of the sentence imposed by the District of Maryland, not the BOP's calculation. *See Jarbough v. Attorney Gen. of U.S.*, 483 F.3d 184, 189 (3d Cir. 2007) (noting courts "are not bound by the label attached by a party to characterize a claim and will look beyond the label to analyze the substance of a claim. To do otherwise would elevate form over substance and would put a premium on artful labeling. Accordingly, artful labeling will not confer us with jurisdiction." (internal citation omitted)).

There are several indications that Petitioner's § 2241 petition is actually a "disguised" § 2255 motion. For instance, in order for this Court to conclude that the BOP "could not legally administer the sentence enhancement as the JINC did not meet the statutory requirements under 2B1.1," (Docket Entry 1 at 8), the Court would first have to determine that the thirty-seven-month sentence imposed by the District of Maryland was an invalid sentence. This is not a determination that can be made in a § 2241 petition.[3] Furthermore, Petitioner explicitly states in his supplemental response brief that he "is challenging *the legality of*

---

[3] Although the Court does not reach the merits of Petitioner's claim, it notes that Petitioner agreed to the sixteen-point enhancement under U.S.S.G. 2B1.1(I) as part of his plea agreement, which the Fourth Circuit found to be knowing and voluntary. See *United States v. Curran*, No. 13-4608 (4th Cir. Aug. 29, 2014), *reh'g en banc denied*, No. 13-4608 (4th Cir. Sept. 26, 2014); (Docket Entry 4-19 at 2); *see also* Docket Entry 8-1 at 16, para. 6(b).

*detention* and not the BOP's ability to alter, amend, or re-sentence the Petitioner." (Docket Entry 9 at 2).

Most significantly, Petitioner does not ask the Court to order the BOP to recalculate his sentence. Instead, "[t]he relief sought is [the] *immediate release* of the Petitioner as the legal component of the composite sentence has been completed (6 months) *and the case remanded back to the District Court for re-sentencing*." (Docket Entry 1 at 9) (emphasis added). In other words, Petitioner is asking this Court to correct, vacate, or set aside his federal sentence. The Court cannot do this under § 2241, and Petitioner must bring this claim in a § 2255 motion.

"[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). Section 2255 is not an inadequate or ineffective method for Petitioner to make his claim, indeed he is pursuing a § 2255 motion simultaneously with

9

this petition. *Curran v. United States*, No. 14-3932 (D. Md. filed Dec. 14, 2014); (Docket Entry 4-16 at 16).

As Petitioner is challenging the validity of his sentence and not the manner in which it is being carried out, Petitioner's claims must be brought in his one, all-inclusive motion under § 2255 in the sentencing court, namely, the District of Maryland. Accordingly, this Court lacks jurisdiction to entertain this challenge to Petitioner's sentence under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the District of Maryland as Petitioner already has a pending § 2255 motion in that court.

As Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), this Court will deny a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## B. Exhaustion of Administrative Remedies

Respondent argues the petition is barred as Petitioner failed to exhaust his administrative remedies before filing this action. As the Court lacks jurisdiction over the petition, the Court makes

no findings as to whether Petitioner exhausted his administrative remedies.

## IV. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition, and a certificate of appealability shall not issue. An accompanying Order will be entered.

| | |
|---|---|
| **October 13, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |